|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| B4 IT CONSULTING LLC, et al.,<br><br>         Plaintiffs,<br><br>   v.<br><br>CODESMART INC., et al.,<br><br>         Defendants. | CASE NO. C20-5983 MJP<br><br>ORDER OF DISMISSAL |

THIS MATTER comes before the Court on Plaintiff Stephen Denney's Motion for Help to Service Summons (Dkt. No. 9) and Motion to Appoint Counsel (Dkt. No. 11). Having reviewed the Motions and the related record, the Court DENIES the Motions and declines to issue a summons. The Court also DISMISSES this matter without prejudice.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court is required to dismiss a case "at any time" if it determines that a complaint is frivolous or fails to state a claim upon which relief may be granted. Here, the Court finds that Plaintiff's Complaint fails to state a claim for relief that is plausible on its face.

1       Fed. R. Civ. P. 8(a) provides that in order to state a claim for relief, a complaint must
2 contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain
3 statement of the claim showing that the claimant is entitled to relief, and a demand for the relief
4 sought.  The factual allegations of a complaint must be "enough to raise a right to relief above
5 the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition,
6 the factual allegations of a complaint must state a claim for relief that is plausible on its face.
7 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face "when the plaintiff
8 pleads factual content that allows the court to draw the reasonable inference that the defendant is
9 liable for the misconduct alleged." Id.

10       Here, Plaintiff describes working as a subcontractor for the Washington State
11 Employment Security Department and later working for the Administrative Office of the Courts,
12 where he was terminated based on allegations of sexual harassment.  (Dkt. No. 1, Ex. 1
13 ("Compl.") at 8.)  According to Plaintiff, his termination from the Administrative Office of the
14 Courts occurred one month after the Employment Security Department began using Next
15 Generation Tax System (NGTS), which Plaintiff alleges was later found to have wrongly
16 accused citizens of fraud and assessed penalties and overcharges.  (Id.)  Plaintiff contends that
17 through "iterative recall of observations, meetings, notes, conversations as well as internet
18 research and freedom of information requests" he has realized that he was an "inadvertent
19 whistleblower" and his firing for sexual harassment was "pretext."  (Id.)  These allegations are
20 insufficient to establish Plaintiff's federal whistleblower claim or his claim for breach of a
21 subcontract with the Employment Security Department.  (Id. at 5.)  For example, Plaintiff does
22 not state that he provided any information that caused or assisted an investigation into NGTS and
23 he has no allegations about a breach of contract, stating merely that at some point either during
24

ORDER OF DISMISSAL - 2

or after his employment with the Employment Security Department he left the State of Washington.  (Id. at 9.)

Accordingly, The Court DENIES Plaintiff's Motion for Help to Service Summons (Dkt. No. 9) and Motion to Appoint Counsel (Dkt. No. 11).  The Court also DISMISSES this case without prejudice.  As Plaintiff is representing himself *pro se*, the Court directs him to the Western District of Washington's Pro Se Guide for litigants who are proceeding without an attorney, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se for instructions on how to file briefs and other motions, and for other useful information.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated November 13, 2020.

Marsha J. Pechman
United States Senior District Judge