UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B4 IT CONSULTING LLC, et al., | CASE NO. C20-5983 |
| Plaintiff, | ORDER DENYING MOTION TO REOPEN |
| v. | |
| CODESMART INC., et al., | |
| Defendant. | |

This matter is before the Court on Plainitffs' Motion to Reopen Case (Dkt. No. 16). The Court initially dismissed the case without prejudice on November 13, 2020 under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief that is plausible on its face. (See Dkt. No. 12). Having review the Motion, the docket, and all relevant material, the Court DENIES the Motion.

Once a case has been closed, the Court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

ORDER DENYING MOTION TO REOPEN - 1

1       (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
2       (4) the judgment is void;
      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
3 judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
4       (6) any other reason that justifies relief.

5 Federal Rule of Civil Procedure 60(b).

6       Here, Plaintiff asks the Court to reopen the case, which the Court interprets as seeking

7 relief under Federal Rule of Civil Procedure 60(b). However, there are three issues with

8 Plaintiff's request. First, Plaintiff does not clearly describe the basis for his request to reopen the

9 case. The Motion consists of two pages and simply states that "the amended complaint includes

10 additional facts and details, previously omitted (or undiscovered), to support Plaintiffs' cause of

11 action . . ." (Third Amendment Complaint (Dkt. No. 15).) This statement seems like Plaintiff is

12 alleging newly discovered evidence, but fails to explain what the newly discovered evidence is

13 and why it could not have been discovered prior to the last Order.

14       Second, Fed. R. Civ. P. 60(c) states that a motion under Rule 60(b) must be made within

15 a reasonable time, and if it is brought under newly discovered evidence, it must be brought no

16 more than one year afte the entry of judgment. Fed. R. Civ. P. 60(c)(1). Plaintiff brings this

17 Motion over two years after the Court dismissed it the first time. And he provides no explanation

18 for the delay. The Court therefore finds there are no grounds to reopen the case.

19       Finally, even if the Court were to consider there to be grounds, Plaintiff's Third Amended

20 Complaint fails to state a claim and remains frivolous. Plaintiff's initial complaint was dismissed

21 for failure to state a claim that is plausible on its face. Plaintiff recently filed a Second Amended

22 Complaint (Dkt. No. 14) and a Third Amendment Complaint (Dkt. No. 15), each over 90 pages.

23 The majority of the allegations discussed in Plaintiff's complaints date back to 2015-2017 and

24

1 | contains very few, if any, details regarding the named Defendants' actions against him
2 | personally. Of the interactions discussed, none amount to cognizable facts that would support
3 | any claim.
4 |     For all the reasons above, the Court DENIES Plaintiff's Motion.
5 |     The clerk is ordered to provide copies of this order to all counsel.
6 |     Dated February 9, 2023.

                                        Marsha J. Pechman
                                        United States Senior District Judge